IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02024-WYD-MEH

GERALD J. GRAY, Auditor, Office of Natural Resources Revenue,

　　　　Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF INTERIOR,
OFFICE OF NATURAL REVENUE, (Formerly Mineral Management Services),
WESTERN ADMINISTRATIVE SERVICE CENTER,
BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION AND ENFORCEMENT, and
DEPARTMENT OF THE ARMY HEADQUARTERS, United States Army Reserve Command Reserve Military Pay Branch-USAR Financa,

　　　　Defendants.

---

## ORDER ON MOTION TO STAY DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge**.

　　　　Before the Court is Defendants' Motion to Stay Discovery [filed October 27, 2011; docket #23]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #25]. On October 27, 2011, this Court ordered the Plaintiff to file a response to the motion on or before November 17, 2011; however, the Plaintiff filed no response brief. The Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion.

## BACKGROUND

　　　　Plaintiff initiated this action on August 4, 2011 and is proceeding *pro se*. Essentially, Plaintiff claims in his Complaint that he suffered workplace harassment, race and national origin discrimination and retaliation by the Defendants in his former employment. Docket #1. Defendants responded to the Complaint by filing a motion to dismiss invoking absolute immunity and arguing

primarily that the Court lacks subject matter jurisdiction in this case. *See* docket #17. Three days later, Defendants filed the present motion to stay discovery pending resolution of their motion to dismiss. Defendants argue that a temporary stay is appropriate in this case because "[a]bsolute and qualified immunity defenses provide a right to avoid the burdens of discovery until the immunity issue is resolved." Docket #23 at 3. Defendants claim that, with respect to the jurisdictional defects in this matter, Plaintiff has filed a complaint with the Merit Systems Protection Board (MSPB) and, thus, "[r]equiring Defendants to needlessly provide discovery in this case, as well as in the MSPB case, will cause undue burden and costs on the federal government." *Id.* at 4.

Although the Plaintiff informed Defendants that he objected to the present motion, and this Court ordered that Plaintiff file a response to the motion on or before November 17, 2011, Plaintiff filed no response brief. Rather, on November 7, 2011, Plaintiff filed a "motion to compel discovery requests" in which he acknowledges receipt of the present motion and states, without further explanation, "this discovery subpoena is vital to producing relevant evidence, from EEOC, supporting Plaintiff's factual claims."[1] *See* docket #31 at 2.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burdensome expense of discovery at this stage in the case, particularly where, they argue, granting their motion to dismiss will dispose of all claims against the Defendants.

---

[1] The Court denied Plaintiff's motion as contravening Fed. R. Civ. P. 26(d) and advised the Plaintiff that a subpoena issued pursuant to Fed. R. Civ. P. 45 is not necessary to request documents and information from a party opponent, if that was his intention.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of discovery in this matter is appropriate pending resolution of the Defendants' motion to dismiss.

With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward. However, the Plaintiff provided insufficient information to counter Defendants' request; thus, to the extent that Plaintiff has an interest in proceeding expeditiously, the Court finds his interest is offset by Defendants' burden. Here, Defendants filed a motion to dismiss all claims against them claiming immunity and that this Court lacks subject matter jurisdiction over the claims.

Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him

to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the Court finds that any potential harm to Plaintiff is outweighed by the burden and costs on Defendants in conducting and responding to discovery while the motion to dismiss is pending.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. The Court typically is not involved during the discovery process except, of course, to resolve any disputes that may arise among the parties. Defendants make no argument concerning the interests of non-parties or the public. Thus, the Court perceives minimal effect, if any, resulting from of a temporary stay of these proceedings.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed in this case.

### III.  Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed October 27, 2011; docket #23] is **granted**. A temporary stay of discovery is hereby imposed in this case pending resolution of Defendants' motion to dismiss. The parties shall file a status report within five (5) days of any order by the District Court adjudicating the motion to dismiss.

Dated at Denver, Colorado, this 28th day of November, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge