IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02024-WYD-MEH

GERALD J. GRAY, Auditor, Office of Natural Resources Revenue,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF INTERIOR,
OFFICE OF NATURAL REVENUE, (Formerly Mineral Management Services),
WESTERN ADMINISTRATIVE SERVICE CENTER,
BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION AND ENFORCEMENT,
and
DEPARTMENT OF THE ARMY HEADQUARTERS, United States Army Reserve Command Reserve Military Pay Branch-USAR Financa,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion to Dismiss[1] [filed October 24, 2011; docket #17], and Defendants' Supplementary Motion to Dismiss [filed November 10, 2011; docket #36]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matters have been referred to this Court for recommendation [dockets ##18 and 37]. The motions have been fully

---

[1] Plaintiff's Amended Complaint identifies the "United States of America, et al." as the Defendant, and refers to an "Exhibit A1." However, Plaintiff has failed to attach any "Exhibit A1" to his Amended Complaint. It appears that an Exhibit A1 was attached to the original complaint identifying the Defendants listed in the caption. It also appears from the briefing that all parties intend that the Defendants named in the original complaint are named in the Amended Complaint as well. Thus, construing the Amended Complaint liberally, the Court will assume also that the Plaintiff intended to attach to his Amended Complaint the "Exhibit A1," which is currently attached to the original complaint, and will recognize that all listed Defendants remain in the case.

briefed, and oral argument would not materially assist the Court in its adjudication of the motions. For the reasons that follow, the Court respectfully recommends that the Defendants' Motion to Dismiss be **granted**, and the Defendants' Supplementary Motion to Dismiss be **denied**.[2]

## BACKGROUND

I.  Facts

The following are factual allegations made by the Plaintiff in his Amended Complaint and offered by Defendants for jurisdictional analysis. These allegations are taken as true for analysis under Fed. R. Civ. P. 12(b)(1) pursuant to *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001), and for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Plaintiff was employed at the United States Army Reserve ("USAR") Finance Center from October 2005 until he was terminated on April 4, 2008. (Docket #10 at 20.) Plaintiff missed work to attend to certain family matters and was subsequently terminated because of his absence. (*Id*. at 18-19.) Plaintiff's supervisor cited his absence without leave ("AWOL") as the reason for his termination. Plaintiff contends that he was not AWOL, and that this classification of his termination

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

is a misrepresentation of facts that has damaged his reputation. (*Id*. at 19.) Plaintiff further contends that he was defamed by this misrepresentation when it was communicated to Plaintiff's subsequent employer, the Office of Natural Resources Revenue ("ONRR"). (*Id*. at 20.)

Sometime between his termination from the USAR Finance Center in April 2008 and January 2009, Plaintiff began working as an auditor for the Department of the Interior at the ONRR in Lakewood, Colorado. (*See* docket #10.) Beginning in January 2009, Plaintiff brought to the attention of senior management various concerns regarding the application of auditing concepts in certain federal and Native American mineral and energy audits. (*Id*. at 7.) Plaintiff contends that these questionable auditing practices resulted in insufficient payments of royalties due to Native Americans and the American people. (*Id*.) Specifically, Plaintiff alleges LaFarge North America Incorporated ("LaFarge"), Antero Resources Piceance Corporation ("Antero"), and Windsor Energy Group ("WEG") made or used false records or statements to conceal, avoid, or decrease an obligation to pay money to the United States. (*Id*. at 26.)

Plaintiff alleges that after he informed senior management of these illegal practices, he was subjected to workplace abuse and various employment actions that created a hostile work environment. (*Id*. at 2-17.) These alleged actions include: inappropriate cultural and racial comments, spreading false rumors about Plaintiff, instructing Plaintiff not to pursue fiduciary trust concerns, attempts to discredit Plaintiff's work, supervisors changing Plaintiff's work without his permission, and limiting the complexity and amount of work given to Plaintiff. (*Id*. at 8.) In addition, shortly after informing management of what Plaintiff perceived as illegal auditing tactics, Plaintiff's personnel file was allegedly lost or misplaced and he was required to undergo an additional background investigation. (*Id*.) He was subsequently terminated from ONRR on August

26, 2011 for his failure to obtain a favorable background investigation. (*Id.*)

Plaintiff contacted the Equal Employment Opportunity Office ("EEOC") regarding the workplace abuse he had endured. (*Id*. at 12.) However, Plaintiff contends the EEOC informed him that he must explicitly "note a member of management is a racist" or a claim could not be filed. (*Id*.) Plaintiff filed an appeal with the Merit Systems Protection Board ("MSPB") on August 4, 2011 regarding the same claims and allegations contained in the current Amended Complaint.[3] (Docket #17-2.) His appeal with the MSPB is still pending. (*Id*.)

II.   Procedural History

On August 4, 2011, Plaintiff, proceeding *pro se*, initiated this action by filing a Complaint pursuant to 42 U.S.C. §2000s-5. (Docket #1.) Thereafter, Plaintiff filed an amended complaint as a matter of course on August 31, 2011 seeking declaratory and monetary relief for violation of his constitutional rights. (Docket #10.) Plaintiff's Amended Complaint is the operative pleading in this matter.

Plaintiff's First and Second Claims arise pursuant to Title VII of the Civil Rights Act of 1964. His Third Claim arises under the Federal Torts Claims Act ("FTCA"), and his Fourth Claim under the False Claims Act ("FCA"). (*Id*.) On October 24, 2011, Defendants filed the present motion to dismiss all four claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Docket #17.)

---

[3] Defendants submitted a signed affidavit asserting Plaintiff filed an MSPB appeal regarding the same claims and allegations contained in the current Amended Complaint. (Docket #17-2.) Plaintiff argues in his response that his appeal with the MSPB addresses only his unlawful termination and does not address his hostile work environment claim. (Docket #28.) However, Plaintiff did not submit this information in the form of an affidavit, nor did he sign his Amended Complaint under oath. *See Mosier v. Maynard*, 937 F.2d 1521, 1524 (10th Cir. 1991) (a plaintiff's complaint may be treated as an affidavit only if it is based on personal knowledge and has been sworn under penalty of perjury).

Defendants argue the First and Second Claims should be dismissed for failure to exhaust administrative remedies or, in the alternative, for failure to name proper parties. (*Id.*) Further, Defendants contend the Third Claim must be dismissed for failure to exhaust administrative remedies. (*Id.*) Finally, Defendants argue the Fourth Claim must be dismissed because a Plaintiff can only appear on behalf of his own case personally, and the United States is the real party in interest in FCA claims. (*Id.*)

Plaintiff filed an "Opposition to Defendant's Dismissal Motion" on November 7, 2011. (Docket #28.) With regard to the First and Second Claims, Plaintiff argues that in this lawsuit he is only asserting a hostile work environment claim, and the MSPB appeal is in regard to his unlawful termination. (*Id.* at 2-4.) Plaintiff further argues the Court should not dismiss his case for failing to name the correct parties because he was unaware of this requirement. (*Id.* at 6.) Regarding the Third Claim, Plaintiff admits he never filed a complaint with the Department of the Army but argues his failure to due so should be excused and asks the Court to use its discretionary authority to waive the requirement of exhaustion. (*Id.* at 7.) Finally, Plaintiff argues he does have a personal interest in his Fourth Claim, because if the *qui tam* suit is successful, Plaintiff is entitled to thirty percent of any monetary damages awarded to the United States. (*Id.* at 8.)

Defendants filed a reply brief in support of the present motion on November 21, 2011. (Docket #39.) Defendants reiterate their arguments on the First, Second and Third Claims. (*Id.*) Defendants also assert that they have no objection to substituting the proper defendant with regard to the First and Second Claims. (*Id.* at 2.) Defendants do not address the Fourth Claim in its reply, noting they had filed a Supplementary Motion to Dismiss. (*Id.*)

Defendants filed the Supplementary Motion to Dismiss on November 10, 2011. (Docket

#36.) In the motion, Defendants argue the Fourth Claim must be dismissed for failure to file the claim under seal as required by the FCA or for failure to name proper parties. (*Id.* at 5.) In the alternative, Defendants ask the Court to sever the allegations in the Fourth Claim and seal all filings related to that claim. (*Id.*) Plaintiff filed a response to Defendants' Supplementary Motion to Dismiss on December 5, 2011, asking the Court to seal the Fourth Claim, but not to sever it from his other claims. (Docket #41.)

## LEGAL STANDARD

I.  Dismissal Under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause *at any stage* of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (emphasis added). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims. Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional

6

facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Id*.

II.   Dismissal Under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

III.   Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## ANALYSIS

I.      First and Second Claims

In his First and Second Claims asserting race and national origin discrimination pursuant to Title VII, Plaintiff alleges he was subjected to a hostile work environment and terminated from employment in retaliation for his whistle-blowing activities. (Docket #10 at 7.) "The Supreme Court has clearly stated that a federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII." *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (*citing Brown v. General Servs. Admin*., 425 U.S. 820, 835 (1976)). In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite for federal employees asserting a discrimination claim. *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). The statutes and implementing regulations that create a mechanism by which federal employees may assert claims of unlawful discrimination allow a federal employee with a discrimination complaint either to file an EEO complaint with the employing agency or to appeal directly to the MSPB. *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003). "Whichever action is taken first is considered an

election to proceed in that forum." *Id*.

In his Amended Complaint, Plaintiff asks the Court to waive the exhaustion of remedies requirement because after contacting the EEOC he "received elementary advice," and the EEOC will not afford him a neutral and fair adjudication of his claims. (Docket #10 at 12.) He further contends the "officials of the resident EEOC office are compromised by undue influence of ONRR and WASC [Western Administrative Service Center] management personnel." (Docket #28.) However, exhaustion of administrative remedies is a jurisdictional prerequisite, and a court cannot waive a jurisdictional defect. *Showalter v. Weinstein*, 233 F. App'x 803, 807 (10th Cir. 2007) (citing *Jones*, 91 F.3d at 1400 n. 1 (10th Cir. 1996)) (stating that the plaintiff's complete failure to exhaust (as opposed to "timely" exhaust) is a jurisdictional defect that cannot be waived). Furthermore, in the current case, Plaintiff filed an appeal with the MSPB on August 4, 2011. (Docket #17-2.) Pursuant to 29 C.F.R. § 1614.310(b), any EEOC charge filed by the Plaintiff after August 2011 would be dismissed due to Plaintiff's election to pursue his claims before the MSPB. *Coffman*, 328 F.3d at 621-22.

Claims before the MSPB may be appealed to a district court only after a decision is issued by the MSPB. *Id*. at 622. Plaintiff's appeal with the MSPB is still pending and, thus, Plaintiff has not exhausted his administrative remedies with regard to his claims pursuant to Title VII. (Docket #17-2.) As such, this Court is jurisdictionally precluded from hearing Plaintiff's Title VII claims.

Plaintiff argues that the appeal pending before the MSPB only addresses his wrongful termination, a claim that he contends he is not asserting in this action. (Docket #28.) However, this contention has no impact on the Court's analysis as to whether the Plaintiff has exhausted, for, even if true, there is no indication he has done anything to exhaust his administrative remedies regarding

9

his hostile work environment claim. Nevertheless, construing the Amended Complaint liberally as I must, the Court finds Plaintiff's lengthy allegations surrounding his "wrongful termination" in Claim One (*see* docket #10 at 8) and his request for reinstatement (*id.* at 17) constitute a "termination" claim in this case. Therefore, because the Plaintiff has failed to demonstrate he has exhausted his hostile work environment and termination claims, this Court respectfully recommends Plaintiff's First and Second Claims be dismissed.

In the alternative, Defendant argues the First and Second Claims must be dismissed because Plaintiff has named improper parties. Pursuant to 42 U.S.C. § 2000e-16(c), the head of the department or agency is the only proper defendant in a Title VII case. Plaintiff counters that he was unaware of this requirement, and asks the Court to grant him leave to amend. (Docket #28 at 6.) Defendant has no objection to allowing Plaintiff to amend the complaint to name the proper defendant. Therefore, to the extent the District Court disagrees with this Court and determines Plaintiff has exhausted his administrative remedies, this Court recommends Plaintiff be given an opportunity to amend his complaint to name the appropriate defendant.

II.     Third Claim

Plaintiff asserts that his former boss, Jeffrey Steinhoff, at the USAR Finance Center lied when he stated in Plaintiff's termination letter that Plaintiff was being terminated for being AWOL. (Docket #10 at 19-20.) Plaintiff contends Steinhoff defamed him by sharing this alleged misrepresentation with Plaintiff's supervisors at ONRR. (*Id.* at 20.) Plaintiff presumably brings this claim against the United States only. *See* 28 U.S.C. § 2679(d)(1).

Defendants counter that this claim should be dismissed because the United States has not waived its sovereign immunity. "The United States, a sovereign, is immune from suit save as it

consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "The United States consents to be sued only when Congress unequivocally expresses in statutory texts its intention to waive the United States' sovereign immunity." *Kimboko v. United States*, 26 F. App'x 817, 819 (10th Cir. 2001) (quoting *In re Talbot*, 124 F.3d 1201, 1205 (10th Cir. 1997)). A waiver of sovereign immunity must be unequivocally expressed and cannot be implied. *United States v. Mitchell*, 445 U.S. 535, 538 (quoting *United States v. King*, 395, U.S. 1, 4 (1969)). "Waivers of sovereign immunity are to be read narrowly." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for monetary damages caused by the negligent or wrongful act or omission of any employee of the United States. 28 U.S.C. §§ 1346(b) and 2674. However, claims for libel and slander, which are the equivalent of defamation, are excepted from the FTCA waiver of sovereign immunity. *Cooper v. American Auto Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992) (citing 28 U.S.C. § 2680(h)). Therefore, to the extent Plaintiff brings his Third Claim pursuant to the FTCA, his claim should be dismissed because the United States has not waived sovereign immunity and, therefore, the Court lacks subject matter jurisdiction to hear the claim.

In the alternative, Defendants argue that Plaintiff has failed to exhaust his administrative remedies. Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing a claim against the United States under the FTCA.[4] *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir.

---

[4] To the extent the Plaintiff's Third Claim may be construed to fall under the protection of the Civil Service Reform Act of 1978 ("CSRA"), the Plaintiff has failed to exhaust the required administrative remedies under that statute. *See Pretlow v. Garrison,* 420 F. App'x 798, 803-04 (10th Cir. 2011).

1992). "The FTCA requires that, prior to filing a suit in federal court, a claimant must submit a claim in writing to the proper federal agency within two years of the date of the incident." *Id.* Here, Plaintiff asks the court to waive any proceedings involving the EEOC; however, to exhaust his administrative remedies for this claim, Plaintiff would have needed to file a complaint with the Department of the Army within two years of the incident, or by April 2010. There is no indication the Plaintiff filed an administrative tort claim or any type of complaint regarding this incident with the Army and, thus, he has failed to demonstrate he exhausted his administrative remedies provided by the FTCA. (Docket #17-3.) Accordingly, this Court respectfully recommends the District Court dismiss Plaintiff's Third Claim for lack of subject matter jurisdiction.

III.   Fourth Claim

Plaintiff brings his Fourth Claim, a *qui tam* action, under the Fair Claims Act ("FCA"), 31 U.S.C. 3729(a)(1) and (2). The FCA imposes liability on any person who "knowingly makes, uses, or causes to be made or use, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." 31 U.S.C. §3729(a)(7). Section 3730(b)(1) of the FCA allows a private individual, known as a relator, to bring a civil action on behalf of the United States against any such person that is believed to have violated the FCA. The relator is then allowed to share in any resulting government recovery. *Kennard v. Comstock Res.,Inc.*, 363 F.3d 1039, 1041 (10th Cir. 2004).

In their motion to dismiss, Defendants argue that a *pro se* litigant cannot assert an FCA claim, because a *pro se* plaintiff is permitted to appear only on behalf of himself for his own claims. (Docket #17.) Plaintiff counters that he has a personal interest in the *qui tam* action because if the Government is awarded any monetary damages, he is entitled to thirty percent of that award.

12

(Docket #28.) While relators have a stake in the outcome of an FCA claim, the Government is the real party in interest. *United States, ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-94 (2d Cir. 2008). A relator may control and litigate an FCA claim, but because the United States is the real party in interest, the case "is not the relator's 'own case' as required by 28 U.S.C. § 1654, nor one in which he has 'an interest personal to him.'" *Id.* at 93. (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d. Cir. 1998)).

Because Plaintiff purports to represent the interests of the United States, he cannot bring this claim *pro se*. *United States, ex rel. Rowe v. Rheaume*, 2010 WL 1769721 at *1 (D. Colo. 2010) *aff'd*, 2010 WL 1769667 (D. Colo. 2010) (unpublished) (citing *Flaherty* 540 F.3d at 93-94). This "holding is in accord with all the circuits that have considered the issue." *Id*. (citing *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007); *United States, ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004); *United States v. Onan*, 190 F.2d 1, 6-7 (8th Cir. 1951)). Accordingly, this Court agrees with Defendants that the Fourth Claim, as stated, must be dismissed because the Plaintiff cannot maintain this action *pro se*. *Id*. (citing *Flaherty* 540 F.3d at 93-94) (stating this conclusion was reached as a matter of statutory construction, but also because of concerns voiced by other courts, particularly that the United States might become bound by res judicata or collateral estoppel as a result of the actions of a *pro se* in bringing and losing a *qui tam* action).

Nevertheless, Defendants filed a Supplementary Motion to Dismiss in which they argue the Fourth Claim also should be dismissed because Plaintiff failed to file the FCA claim under seal, and the United States has not had an opportunity to investigate the allegations. Section 3720(b)(2) of the FCA requires a party to file FCA claims under seal. The purpose of filing an FCA claim under

13

seal is to give the United States an opportunity to review the claim and to "decide whether it will 'elect to intervene and proceed with the action.'" *United States, ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 129 S. Ct. 2230, 2233-34 (2009) (quoting 31 U.S.C. §3730(b)(2)). In filing an FCA claim, a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the United States pursuant to Fed. R. Civ. P. 4(d)(4). 31 U.S.C. §3730(b)(2). The complaint shall remain under seal for sixty (60) days, and shall not be served on a defendant until the court so orders. *Id.* The United States may elect to proceed in the action within 60 days after it receives the complaint and the material information. *Id.*

However, "the requirements of § 3730(b)(2) are not jurisdictional, and violation of those requirements does not *per se* warrant dismissal of the *qui tam* complaint." *United States, ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995) (citing *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 (2d Cir. 1995)). "Nothing in the FCA indicates the penalty for premature service, or any other violation of the seal requirements, should be dismissal of the case." *United States, ex rel. Downy v. Corning, Inc.*, 118 F. Supp. 2d 1160, 1163 (D.N.M. 2000) (overruled on other grounds by *United States, ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702 (10th Cir. 2006)). Such sanctions should be reserved for cases involving great harm to interests promoted by the seal provisions. *Id*.

Defendants assert that the public filing of a *qui tam* complaint frustrates the ability of the United States to properly investigate the allegations. In *Lujan*, the Ninth Circuit held that a district court should weigh the following factors in determining whether dismissal of an FCA *qui tam* claim for failing to file under seal is appropriate: (1) whether the violation of the filing requirement was

contrary to the legislative intent of the requirement; (2) whether the government was actually prejudiced by the misfiling; and (3) whether the plaintiff acted in bad faith. *Lujan*, 67 F.3d at 245-46.

With respect to the first factor, the "legislative history of the FCA reveals that the 'overall intent of amending the FCA was to encourage more private enforcement suits.'" *Pilon*, 60 F.3d at 998 (citing S. Rep. No. 345, 99th Cong., 2d Sess. 23-24, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5288-89). The government was concerned that *qui tam* actions might tip off a defendant to pending criminal matters and, thus, a 60-day sealing period was implemented. *Id*. This time period allows the government 60 days to investigate the allegations and determine whether it will intervene in the action before the defendants are served with the Complaint. *Id*. at 998-99. A secondary objective of the sealing period is to prevent defendants from having to answer a complaint without knowing whether it is the United States or the relator who will pursue the litigation. *Id*. at 999.

In this case, the appropriate defendants have not been named. *See Kennard*, 363 F.3d at 1041 (FCA claims are brought on behalf of the United States, not against it). In his complaint, Plaintiff alleges LaFarge, Antero, and WEG are the actors that have allegedly defrauded the United States, and are the parties who should be the named as defendants in this *qui tam* action. However, there is no evidence that LaFarge, Antero, or WEG have been served with the complaint and, therefore, Plaintiff's failure to file under seal does not contravene the first objective of the legislature to allow the government time to investigate. Neither does the failure to file under seal violate the secondary objective of the sealing requirement because the proper defendants have not been named and, therefore, have not been required to answer the complaint.

Regarding the second factor, Defendants do not argue that the government has been

prejudiced by the Plaintiff's failure to file under seal. Without any evidence as to why or how the government's investigation is frustrated or prejudiced, this Court cannot weigh this factor in favor of Defendants. *See Lujan*, 67 F.3d at 245 (stating that the mere possibility that the government might be harmed by failing to file under seal is not sufficient to warrant dismissal of a *qui tam* action). Finally, Defendants have not asserted, nor does this Court find any evidence of, bad faith in the Plaintiff's actions. Weighing these factors, this Court finds against dismissal for failing to file under seal and respectfully recommends the Defendant's supplementary motion be denied with respect to the Fourth Claim.

However, while Defendants' "supplemental" arguments are unpersuasive, this Court must conclude that Defendants are correct that Plaintiff cannot proceed with his Fourth Claim, as stated, *pro se*. Therefore, this Court respectfully recommends that Defendants' motion to dismiss the Fourth Claim be granted.

## **CONCLUSION**

The Court lacks jurisdiction over Plaintiff's First, Second, and Third Claims as set forth in the operative Amended Complaint. Additionally, Plaintiff's Fourth Claim fails not necessarily because Plaintiff failed to file under seal, but because a *pro se* plaintiff is not permitted to bring a *qui tam* action pursuant to the FCA. Accordingly, this Court RECOMMENDS that the District Court **grant** Defendants' Motion to Dismiss [filed October 24, 2011; docket #17] and **deny** Defendants' Supplementary Motion to Dismiss [filed November 10, 2011; docket #36] as set forth herein.

Respectfully submitted at Denver, Colorado, this 6th day of March, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge