IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-02024-WYD-MEH

GERALD J. GRAY,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF THE INTERIOR,
OFFICE OF NATURAL REVENUE, (Formerly Mineral Management Services),
WESTERN ADMINISTRATIVE SERVICE CENTER,
BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION AND
ENFORCEMENT, and
DEPARTMENT OF THE ARMY HEADQUARTERS, United States Army Reserve
Command Reserve Military Pay Branch-USAR Finance.

      Defendants.
_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

I.    <u>INTRODUCTION</u>

      This matter is before the Court on the Defendants' Motion to Dismiss [ECF No.

17], filed October 24, 2011, and Defendants' Supplementary Motion to Dismiss Count

Four of the Amended Complaint, [ECF No. 36], filed November 10, 2011.   The Motion

and Supplementary Motion were referred to United States Magistrate Judge Michael E.

Hegarty for a recommendation by Order of Reference dated August 19, 2011 [ECF No.

8], and by Memorandum dated October 24, 2011, [ECF No. 18], and Memorandum

dated November 14, 2011, [ECF No. 37].   On March 6, 2012, Magistrate Judge Hegarty

issued a Recommendation on the motions, [ECF No. 43], which is incorporated herein by

reference.   *See* 28 U.S.C. § 636(b)(1) (2009); Fed. R. Civ. P. 72(b); D.C. COLO. LCivR.

72.1.   Magistrate Judge Hegarty concluded therein that the Defendants' Motion to Dismiss should be granted and that the Supplementary Motion to Dismiss should be denied.   Recommendation at 16.   On March 20, 2012, Plaintiff filed an Objection to the Recommendation [ECF No. 44], and Defendants filed a Response to the Objection, [ECF No. 45], on April 3, 2012.

This Objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made, since the nature of the matter is dispositive.   Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).   "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'"   *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank*, 386 U.S. 361, 368 (1967) (internal quotation marks omitted)). While the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment."   *Id.*   Because Mr. Gray is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

II.    <u>STANDARD OF REVIEW</u>

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction."   Fed. R. Civ. P. 12(b)(1).   Rule 12(b)(1) motions are generally presented in one of two forms: "the moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained

in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).   Where a party moves to dismiss under 12(b)(1) by attacking the factual basis of the complaint, a court may consider matters outside the pleadings, without necessitating conversion into a motion for summary judgment.   *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).   Ultimately, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction."   *Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir. 2008) (citations omitted).

In reviewing a Rule 12(b)(6) motion, I must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."   *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs of County of Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011).   To survive a motion to dismiss under this Rule, "a plaintiff must allege that 'enough factual matter, taken as true, [makes] his claim to relief . . . plausible on its face.'" *Jordan-Arapahoe, LLP,*. 633 F.3d at 1025 (quotation and internal quotation marks omitted).   "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   Plaintiff "must include enough facts to 'nudge[] [his] claims across the line from conceivable to plausible.'"   *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Conclusory allegations are not sufficient to survive a motion to dismiss.   *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

III.   FACTUAL BACKGROUND

By way of background, and as described more fully in the Recommendation, the plaintiff, Mr. Gray, was employed at the United States Army Reserve ("USAR") Finance Center from October 2005 until his termination in April 2008.   Mr. Gray was terminated because his supervisor determined that his absence from work, to address family concerns, extended beyond his leave balance.   Upon termination, the USAR Finance Center annotated Mr. Gray's extended absence as Absence Without Leave ("AWOL"). In the Amended Complaint Mr. Gray alleges that the AWOL classification was inapposite and that he was defamed by this misrepresentation when it was communicated to his subsequent employer, the Office of Natural Resources Revenue ("ONRR"), U.S. Department of the Interior.

In January 2009, while employed as an ONRR auditor, Mr. Gray expressed his concerns to senior management.that certain questionable ONRR mineral and energy auditing practices had resulted in the mismanagement of royalties owed to Native Americans and the American people.   In particular, Mr. Gray contends that LaFarge North America ("LaFarge"), Antero Resources Piceance Corporation ("Antero"), and Windsor Energy Group ("WEG") "made or used false records or statements to conceal, avoid, or decrease an obligation to pay money to the United States," and that the ONRR failed to intervene.   Amended Complaint at 26, [ECF No. 10].

Mr. Gray alleges that, after expressing his auditing concerns to senior management, workplace abuse[1] ensued against him which created a hostile work

---

[1] The alleged workplace abuse includes:   "wrongful termination, inappropriate cultural and racial comments, secretar[ial] and elementary work assignments, restrictions on how the Plaintiff could conduct audits, instructing the Plaintiff not to pursue fiduciary trust concerns, patronizing one-on-one talks on what

environment.   Additionally, Mr. Gray's personnel file was allegedly lost following his discourse with management requiring him to endure an additional background investigation.   He was subsequently terminated from ONRR on August 26, 2011 for his failure to obtain a favorable background investigation.   Mr. Gray then contacted the Equal Employment Opportunity Commission ("EEOC") regarding the workplace abuse but was informed a claim could not be filed without explicitly identifying the management personnel that subjected him to the inappropriate racial comments.

Mr. Gray, proceeding *pro se*, initiated this action in federal court on August 4, 2011 and filed an Amended Complaint, [ECF No. 10], on August 31, 2011.   The Amended Complaint alleges four claims: Claims One and Two arise under Title VII of the Civil Rights Act of 1964; Claim Three arises under the Federal Torts Claims Act ("FTCA"); and Claim Four arises under the False Claims Act ("FCA").   Mr. Gray also filed a personnel action appeal with the Merit Systems Protection Board ("MSPB") on August 24, 2011, which contained the same claims and allegations his current Amended Complaint.   Mr. Gray's MSPB appeal is currently pending.

IV.   <u>ANALYSIS</u>

A. <u>Claims One and Two: Title VII</u>

Pursuant to Title VII, Mr. Gray claims that he has been discriminated against based on his race and national origin and was unlawfully subjected to a hostile work environment and wrongful termination in retaliation for his prior whistle-blowing activity. Defendants assert that dismissal is warranted for the failure to exhaust administrative

---

it takes to be an auditor, failed attempts to discredit the Plaintiff['s] work, creditability and character lies documented in official letters, [and] supervisor coming into the office over the weekend and changing the Plaintiff['s] audit work papers, etc."   Amended Complaint at 8, [ECF No. 10].

remedies or, in the alterative, for failure to name proper parties.

"Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).   This prerequisite cannot be waived.   *Showalter v. Weinstein*, 233 F.App'x 803, 807 (10th Cir. 2007).   Further, a "federal employee who asserts claims of unlawful discrimination in conjunction with a challenge to an adverse employment action [may] . . . either file an EEO complaint with the employing agency or appeal directly to the MSPB . . . . Whichever action is taken first is considered an election to proceed in that forum." *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003).   Pursuant to 5 U.S.C. § 7702(a)(1) the MSPB has reviewing authority of claims involving adverse actions and unlawful discrimination.   The MSPB's determination is judicially reviewable only upon the date of issuance of its decision.   *Id.; see also Coffman*, 328 F.3d at 622 (explaining MSPB function and judicial review process).   After such date, a federal district court may conduct a *de novo* review of the MSPBs decision, pursuant to 29 C.F.R. § 1614.310(b).   *Id.*

In his Amended Complaint, Mr. Gray asks the Court to waive any further EEOC proceedings because he received elementary advice from EEOC representatives regarding his claim.   However, exhaustion of administrative remedies is a jurisdictional prerequisite that I cannot waive.   *Jones*, 91 F.3d at 1399; *Showalter*, 233 F.App'x at 807.   Moreover, On August 4, 2011, Mr. Gray filed an appeal with the MSPB signifying his election to proceed in that forum.   Since Mr. Gray's MSPB appeal is currently pending, I may not entertain an appeal until a final MSPB determination has been made.

To the extent that the pending MSPB appeal only addresses wrongful termination, which Mr. Gray contends is not asserted in this action, his remaining claims still fail to exhaust administrative remedies.   Therefore, I agree with Magistrate Judge Hegarty that Mr. Gray's First and Second Claims should be dismissed for lack of subject matter jurisdiction because administrative remedies have not been exhausted.

Defendants alternatively argue for dismissal because Plaintiff has failed to name the proper parties.   "The head of the department or agency is the only proper defendant in a Title VII case."   42 U.S.C. § 2000e-16(c).   Mr. Gray asks the court for leave to amend and Defendants do not object to his request.   However, since Mr. Gray has failed to exhaust administrative remedies, I need not address this issue because amendment would be futile.   *See Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason.").

B.   Claim Three: Federal Torts Claims Act

Mr. Gray's penultimate claim asserts defamation under the FTCA.   Mr. Gray alleges that his former boss at the USAR Finance Center lied when he stated in Mr. Gray's termination letter that Mr. Gray was being terminated for being AWOL.   Mr. Gray further contends his former USAR boss defamed him by sharing this alleged misrepresentation with Plaintiff's supervisor at ONRR during the background investigation which led to his termination at ONRR.   In response, Defendants opine that dismissal is warranted because sovereign immunity has not been waived by Congress.

"[T]he doctrine of sovereign immunity prohibits suits against the United States

except in those instances in which it has specifically consented to be sued." *In re Talbot*, 124 F.3d 1201, 1206 (10th Cir. 1997).   Thus, courts lack the requisite jurisdiction to either compel or restrain the government in the absence of consent.   *Id.* at 1205. Although the United States has given consent for certain torts arising under the FTCA, defamation is not included.   *See* 28 U.S.C. § 1346(b).   Specifically, § 2680(h) explains, "The provisions of . . . section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of libel . . . [or] slander . . . ."   28 U.S.C. § 2680(h).   Defamation, which is tantamount to libel and slander, is therefore also "excepted from the FTCA waiver of sovereign immunity by 28 U.S.C. § 2680(h)."   *Cooper v. Am. Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992).   Accordingly, Mr. Gray's Third Claim for defamation is precluded by the § 2680(h) exception.   Therefore, I find that Magistrate Judge Hegarty properly concluded that Mr. Gray's Third Claim should be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity.

Defendants also argue that Mr. Gray's Third Claim should be dismissed because he failed to exhaust administrative remedies.   "The FTCA requires that, prior to filing a suit in federal court, [Mr. Gray] must submit a claim in writing to the proper federal agency within two years of the . . . [April 4, 2008] incident . . . ."   *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir.1992).   There is no indication Mr. Gray ever filed such a claim.   Despite his request for waiver, as explained above, exhaustion is a jurisdictional requirement and cannot be waived.   Accordingly, I find he has failed to exhaust his administrative remedies and dismissal of this claim is proper.

C. <u>Claim Four: False Claims Act</u>

Finally, Mr. Gray brings a *qui tam* action, on behalf of the United States against those in violation of the False Claims Act.   The FCA imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease and obligation to pay or transmit money or property to the government."   31 U.S.C. § 3729(a)(7).   The act permits a private individual to bring a civil action on behalf of the United States and allows that individual to recover 30 percent of the government's reward.   *See* § 3730(b)(1); *see also*, *In re Natural Gas Royalties Qui Tam Litig. (CO2 Appeals)*, 566 F.3d 956, 960 (10th Cir. 2009) (explaining that allowing the private citizen to recover a portion of the damages encourages those who know of fraud against the government to come forward).   Defendants argue that dismissal is warranted because a *pro se* litigant cannot bring a False Claims Act claim when the litigant's appearance is not on behalf of himself.   In his Response and Objection, Mr. Gray counters that his financial interest in the potential damages creates a personal interest in the litigation sufficient to allow him to proceed *pro se*.

A relator raising a *qui tam* action on behalf of the United States may not do so *pro se* because the real party in interest, i.e., the one who suffered an injury, is the United States.   See *United States, ex rel. Rowe v. Rheaume*, 2010 WL 1769721 at *1 (D.Colo. 2010) (citing *United States, ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93-94 (2d Cir. 2008) (concluding that "because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*")).   This conclusion is consistent with several other circuits that have held that a *pro se* litigant

may not bring a *qui tam* action under the FCA.   *See Rheaume*, 2010 WL at *2

(collecting cases from other circuits).   Accordingly, I agree with Magistrate Judge

Hegarty's conclusion that Mr. Gray's Fourth Claim should be dismissed because Mr.

Gray cannot maintain this action *pro se*.

In the Supplementary Motion to Dismiss [ECF No. 36], Defendants further argue

that Mr. Gray's Fourth Claim should be dismissed without prejudice because he did not

file the FCA claim under seal and follow the other procedural requirements contained in

31 U.S.C. § 37(b)(2).[2]   Defendants claim this has frustrated the United States' ability to

investigate the allegations.   *See U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242,

245 (9th Cir. 1995) (citing S.Rep. No. 345, 99th Cong., 2d Sess. 24, *reprinted in* 1986

U.S.C.C.A.N. 5266, 5289) ("The seal provision provides an appropriate balance . . . by

allowing the *qui tam* relator to start the judicial wheels in motion and protect his litigative

rights, while allowing the government the opportunity to study and evaluate the relator's

information for possible intervention in the *qui tam* action or in relation to an overlapping

criminal investigation.").   Alternatively, Defendants urge the court to consider severing

and sealing Claim Four in order to comply with Federal Claims Act requirements.

However, "the requirements of § 3730(b)(2) are not jurisdictional, and violation of

those requirements does not *per se* warrant dismissal of the *qui tam* complaint."   *Id.*;

*See* also *In re Natural Gas Royalties Qui Tam Litig.*, 467 F. Supp. 2d 1117, 1228-29 (D.

---

[2]   Pursuant to 31 U.S.C. § 3730(b)(2), a False Claims Act "complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information."   § 3730(b)(2).   Further, "[the] Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal . . . ."   § 3730(b)(3).

Wyo. 2006) aff'd in part sub nom. *In re Natural Gas Royalties*, 562 F.3d 1032 (10th Cir. 2009)(explaining that a substantial body of federal case law has uniformly rejected attempts to read § 3730(b)(2) as jurisdictional).

Moreover, I agree with Magistrate Judge Hegarty's application of the *Lujan* factors which are used to determine whether dismissal is appropriate for failing to file a FCA *qui tam* claim under seal.   Under *Lujan*, I may consider: (1) whether the Government was harmed by the disclosure; (2) whether the nature of the relator's violation outweighs congressional intent to promote *qui tam* litigation claims; and (3) whether the relator acted in bad faith.   *Lujan,* 67 F.3d at 245-46.   As Magistrate Judge Hegarty explained, the proper defendants, Lafarge, Antero, and WEG have not been named as Defendants and were never served.   Therefore, Mr. Gray's failure to seal did not upset the Government's opportunity to investigate before service, and has not resulted in harm by early disclosure.   *See Lujan,* 67 F.3d at 245 ("The mere possibility that the Government *might* have been harmed by disclosure is not alone enough reason to justify dismissal of the entire action.").

With respect to the second factor, there is again no indication that the proper defendants prematurely became aware of this pending matter.   It is therefore unlikely that the nature of Mr. Gray's violation, i.e. his failure to seal, outweighs Congress' intent to promote *qui tam* litigation.   Finally, there has been no evidence that Mr. Gray acted in bad faith.   Therefore, on balance, I find that Magistrate Judge Hegarty properly concluded that Mr. Gray's Fourth Claim should not be dismissed for failing to file under seal.   Nevertheless, since a *pro se* defendant cannot bring a *qui tam* action, as

previously discussed, Mr. Gray's Fourth Claim warrants dismissal for this reason.

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Hegarty [ECF No. 43], filed March 6, 2012, is **AFFIRMED AND ADOPTED** and Plaintiff's Objections [ECF No. 44], filed March 20, 2012, are **OVERRULED**.   In accordance with the Recommendation, it is

FURTHER ORDERED that the Defendants' Motion to Dismiss [ECF No. 17], filed October 24, 2011, is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE.** It is

FURTHER ORDERED that the Defendants' Supplementary Motion to Dismiss [ECF No. 36], filed November 10, 2011, is **DENIED**.

Dated:   September 24, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge